**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL MAURICIO SAMANIEGO SOLARTE; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70661 <br><br> Agency Nos. A095-182-572 <br> A095-182-573 <br> A095-182-574 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Raul Mauricio Samaniego Solarte and his family, natives and citizens of

Ecuador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that petitioners established changed or extraordinary circumstances sufficient to excuse the delay in filing their asylum applications. *See* 8 C.F.R. § 1208.4(a); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181 (9th Cir. 2008). Accordingly, their asylum claims fail.

Substantial evidence supports the BIA's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured with the consent or acquiescence of the government if returned to Ecuador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

However, with regard to withholding of removal, in assessing past persecution, the agency did not consider the cumulative effect of the death threats, violence, vandalism, and confrontations suffered by petitioners from their political opponents. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1120-21 (9th Cir. 2004) (finding death threats, violence against family, vandalism of residence, threat of mob violence, economic harm, and emotional trauma compelled a finding of past

persecution).  Accordingly, we grant the petition as to petitioners' withholding of removal claims and remand to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

10-70661